IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MYRTIS PAULO HART,

    Petitioner,

vs.                                        No. CV 21-00017 MV/GBW

JOE LYTLE, Administrator, and
CORRECTION OFFICER, facility respondent,

    Respondents.

**MEMORANDUM OPINION AND ORDER**

    THIS MATTER is before the Court *sua sponte* under Fed. R. Civ. P. 41(b) on the Petition for Writ of Habeas Corpus (Doc. 1) ("Petition") and amended Petition for Writ of Habeas Corpus ("Amended Petition") (Doc. 3) filed by Petitioner Myrtis Paulo Hart. The Court will dismiss the Petition and Amended Petition without prejudice for failure to comply with Court orders, failure to comply with local rules, and failure to prosecute this proceeding.

    In this case, Hart filed his Petition and Amended Petition, in which he indicates that he is wrongfully incarcerated and serving his sentence in the New Mexico Department of Corrections. Doc. 1 at 1, Doc. 3 at 1. Hart challenges his New Mexico state conviction and sentence and seeks to be released from custody. Doc. 1 at 1, 2; Doc. 3 at 2-3.

    This is one of the many cases that Hart has filed in this Court.[1] Hart filed his handwritten Petition on January 6, 2021. Doc. 1. At the time of filing, Hart's Petition indicated that he was

---

[1] *Hart v. State of New Mexico*, CV 19-00089 MV/GJF; *Hart v. Gallegos*, CV 19-00128 JCH/JFR; *Hart v. Gallegos*, CV 19-00175 RB/GBW; *Hart v. Gallegos,* CV 19-00766 JB/KBM; *Hart v. Gallegos*, CV 19-00834 MV/JHR; *Hart v. Gallegos,* CV 19-00932 MV/SCY; *Hart v. Gallegos,*

1

bringing claims of wrongful incarceration at Central New Mexico Correctional Facility in Los Lunas, New Mexico. *Id.* at 1. However, his return address showed that he was incarcerated at Cibola County Correctional Facility in Grants, New Mexico. *Id.* at 3.

The Court determined that Hart's Complaint was not in proper form. Hart also did not pay the filing fee or submit an application to proceed *in forma pauperis* at the time that he filed the Complaint. The Court entered an Order to Cure Deficiency on January 15, 2021, directing Hart to put his Petition in proper form and either pay the filing fee or submit an application to proceed under 28 U.S.C. § 1915 within 30 days of entry of the Order. Doc. 2. With the Order to Cure, the Court also provided Hart with a form Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 and a form Application to Proceed in District Court Without Prepayment of Fees or Costs. *Id.* at 2. The Order advised Hart that, if he failed to cure the deficiencies within the 30-day time period, the Court could dismiss this proceeding without further notice. *Id.* at 1.

---

CV 20-00595 WJ/SMV; *Hart v. Borne*, CV 20-00965 KG/JFR; *Hart v. McDonald's,* CV 20-01044 WJ/JFR; *Hart v. Central New Mexico Correctional Facility,* CV 20-01046 KG/GB; *Hart v. Clovis Police Department,* CV 20-01064 KG/SMV; *Hart v. Federal Bureau of Investigation,* CV 20-01141 MV/JFR; *Hart v. United States,* CV 21-0008 KG/CG; *Hart v. Lytle,* CV 21-00017 MV/GBW; *Hart v. Saavedra,* CV 21-00106 KWR/GBW; *Hart v. Guadale*, CV 21-00131 JB/SCY; *Hart v. Northwestern New Mexico Correctional Facility*, CV 21-00136 KG/KK; *Hart v. Central New Mexico Correctional Facility,* CV 21-00137 KWR//JFR; *Hart v. Northwestern New Mexico Correctional Facility,* CV 21-00186 JB/SMV; *Hart v. Curry County Adult Detention Center,* CV 21-01011 RB/KBM; *Hart v. Talin Market World Food Fare,* CV 21-01012 KG/SCY; *Hart v. Dank Smoke Shop and Grocery,* CV 21-01013 KG/GBW; *Hart v. Discount Liquors,* CV 21-01014 JCH/SCY; *Hart v. State of New Mexico,* CV 21-01048 JCH/KRS; *Hart v. Adult Probation and Parole*, CV 21-01049 JB/KBM; *Hart v. Martinez,* CV 21-01073 JB/GB; *Hart v. Summit Food Service,* CV 21-01074 MIS/LF; *Hart v. Sellers*, CV 21-01075 MV/KK; *Hart v. Curry County Adult Detention Center,* CV 21-01078 MV/SMV; *Hart v. Curry County Adult Detention Center,* CV 21-01079 KG/KRS; *Hart v. Seven-Eleven*, CV 21-01105 KG/GJF; *Hart v. WalMart,* CV 21-01107 MV/KRS; *Hart v. Sahara Hotel,* CV 21-01108 JB/KRS; *Hart v. Federal Bureau of Investigation,* CV 21-01124 KG/SCY; *Hart v. Foot Locker Corporation,* CV 21-01135 MIS/GBW; *Hart v. Lil Caesars,* CV 21-01136 KWR/KBM; *Hart v. Transition for Living,* CV 21-01137 MV/CG; *Hart v. Fairfield (Hotel)*, CV 21-01161 WJ/SCY.

Hart did not comply with the Court's January 15, 2021, Order. He did not submit a § 2254 Petition in proper form. Instead, he filed the Amended Petition on a New Mexico state court form 9-701. Doc. 3. Nor did he file an application to proceed *in forma pauperis* under 28 U.S.C. §1915 within 30 days. Instead, on February 10, 2021, he paid the $5 filing fee, and then submitted the form Application to Proceed under § 1915 on March 1, 2021. Doc. 5.

On May 25, 2021, the Court entered an Order to Show Cause. Although he had not filed any notice in this case, on March 1, 2021, Hart filed a Notice of Change of Address in several of his pending civil rights cases giving a new address on Gibson Blvd. in Albuquerque. (CV 20-01141 MV/JFR, Doc. 6; CV 21-00008 KG/CG; Doc. 16; CV 21-00136 KG/KK, Doc. 3; CV 21-00137 KWR/JFR, Doc. 3). The Court took judicial notice of its records in Hart's civil rights cases. *Duhart v. Carlson,* 469 F.2d 471, 473 (10th Cir. 1972) (noting that this Court may take judicial notice of its own records). The Court's research showed that the Gibson Blvd. address was a private apartment complex. The New Mexico Department of Corrections' records also showed that Hart had been released from custody. Doc. 7 at 2-3.

The Court issued its Order to Show Cause because it appeared that Hart was no longer in State custody and that there was no longer any case or controversy that could be remedied through a § 2254 habeas corpus proceeding. *Spencer v. Kemna*, 523 U.S. 1, 7–8 (1998). The Court ordered Hart to show cause, within 30 days of entry of the Order, why this case should not be dismissed as moot. Doc. 7. The Court also notified Hart that if he did not respond and show cause within 30 days, this case could be dismissed without further notice. *Id.* at 3.

Hart did not respond to the Order to Show Cause within 30 days or communicate with the Court in this case. Instead, mail sent to Hart was returned as undeliverable. Doc. 8, 9. In November 2021, Hart was arrested and incarcerated at the Curry County Adult Detention Center.

At that time, he began filing numerous civil rights case. Mail in Hart's civil rights cases was then returned as undeliverable. *See, e.g., Hart v. Transition for Living,* CV 21-01137 MV/CG, Doc. 3, 4, 5.

Although Hart did not give any notice that his address had changed, the Court, on its own initiative, searched the Curry County Adult Detention Center and New Mexico Department of Corrections' records, confirmed that he had been released from Curry County Adult Detention Center on November 21, 202 and that he was incarcerated at Central New Mexico Correctional Facility, and accordingly changed his address of record to Central New Mexico Correctional Facility.

While incarcerated at the Central New Mexico Correctional Facility, on January 11, 2022, Hart sent the first communication that the Court had received from him since March 1, 2021. Doc. 10. His January 11, 2022 filing did not notify the Court of any change of address and did not address the Court's prior Order to Show Cause. Instead, the filing was titled "Motion of Summary Judgment" and stated, in its entirety:

> This hereby a request of the plaintiff (sua sponte) that the matter comes before you with substantial evidence supporting my case as well as still existent circumstances be ruled upon in my favor. Absent a viable, logical and present argument by the opposing party ruling in my favor is the next logical and Constitutional venture the Court can have in reference to case CV-21-00017 MV/GBW. Please and with humblest request file a Summary Judgment, thank you for your prompt consideration and ruling upon execution.

*Id.* at 1. The return address on the filing was at Central New Mexico Correctional Facility. *Id.* at 2.

Subsequently, mail sent to the Central New Mexico Correctional Facility address for Hart in several of his other cases was returned as undeliverable.[2]  A search of the New Mexico Department of Corrections records disclosed that Hart has now been released from the Central New Mexico Correctional Facility, is no longer in custody of the Department of Corrections, and that his current whereabouts is unknown.

Pro se litigants are required to follow the federal rules of procedure and simple, nonburdensome local rules.  *See Bradenburg v. Beaman*, 632 F.2d 120, 122 (10th Cir. 1980).  The local rules require litigants, including prisoners, to keep the Court apprised of their proper mailing address and to maintain contact with the Court.  D.N.M. LR-Civ. 83.6.  Hart has failed to comply with the local rules by failing to keep the Court advised of his address and failing to maintain communication with the Court.

Hart has never submitted a habeas corpus petition in proper form as ordered by the Court on January 15, 2021 (Doc. 2), has never responded to the Court's Order to Show Cause of May 25, 2021 (Doc. 7), and has failed to keep the Court advised of his correct mailing address as required by Local Rule 83.6.  Therefore, the Court will dismiss this civil proceeding pursuant to Rule 41(b) for failure to comply with the Court's January 15, 2021 and May 25, 2021 Orders, failure to comply with local rules, and failure to prosecute this proceeding.  *Olsen v. Mapes,* 333 F.3d 1199, 1204, n. 3 (10th Cir. 2003).

**IT IS ORDERED:**

**(1)** the Motion of Summary Judgment (Doc. 10) filed by Petitioner Myrtis Paulo Hart is **DENIED** as moot in light of the dismissal of this case; and

---

[2] See, e.g., CV 21-01049 DHU/KBM, CV 21-01073 JB/GBW, CV 21-1075 MV/KK, CV 21-01011 RB/KBM, CV 21-01079 KG/KRS, CV 21-01137 MV/CG, CV 21-01161 DHU/SCY.

**(2)** the Petition for Writ of Habeas Corpus (Doc. 1) and amended Petition for Writ of Habeas Corpus (Doc. 3) filed by Petitioner Myrtis Paulo Hart are **DISMISSED** without prejudice under Fed. R. Civ. P. 41(b) for failure to comply with the Court's January 15, 2021, and May 25, 2021, Orders, failure to comply with local rules, and failure to prosecute.

_____
MARTHA VÁZQUEZ
SENIOR UNITED STATES DISTRICT JUDGE